NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE GONCALVES, : <br> : <br> Plaintiff, : <br> : Civ. No. 22-6730 (CCC) (MAH) <br> v. : <br> : <br> WELL PATH MEDICAL DEPARTMENT, et al., : **OPINION** <br> : <br> Defendants. : <br> : | |

**CECCHI, District Judge**

*Pro se* Plaintiff Jose Goncalves ("Plaintiff"), an immigration detainee at Hudson County Jail and Rehabilitation Center in Kearny, New Jersey, seeks to commence a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff also moves to proceed *in forma pauperis* ("IFP"). ECF No. 1-1. The Court finds that Plaintiff has demonstrated indigence. *See* 28 U.S.C. § 1915(a)(1) & (2). Thus, IFP status is appropriate and his IFP motion is granted. Notwithstanding Plaintiff's eligibility for IFP status, the Court is still required to screen the complaint. *See* 28 U.S.C. §§ 1915A(b) & 1915(e)(2)(B). Upon screening, for the reasons below, Plaintiff's complaint will be dismissed.

For screening purposes, the Court accepts the well-pleaded, plausible allegations in the amended complaint as true. On October 31, 2022, Plaintiff "slip[ped] and fell during [Officer] Mayor['s] shift because he failed to instruct or supervise inmate trustees who left the floor saturated with water without properly drying the floor or putting down any precaution signs to

warn . . . of potential harm." ECF No. 1 at 7. Plaintiff sustained injuries to his neck, shoulder, arm, and lower back, and had "severe body pain that [he] never had in society." *Id*.

He "complained to [Mayor] after he witness[ed] the fall" and Mayor "failed to contact Well Path Medical Department ["Well Path"] or a supervisor." *Id*. Instead, he told Plaintiff "to wait [until] the next day and inform the next officer who was Officer Cotto." *Id*. Plaintiff "informed [Cotto] around 11:14 a.m. the following day" and "put [the] incident on the kiosk prior to speaking with . . . [her]." *Id*. Cotto said that Mayor "should have called a 'Code White' shifting the blame and refusing to call medical after [Plaintiff] told her [he] was [in] excruciating pain." *Id*.

Plaintiff "finally stop[ped] [3] different sergeants . . . until Sgt. Manfreddy sent [him] to Medical Dept." *Id*. "But they said the machine was broke[n] and they said the next [sic] the machine would be fixed." *Id*. As of November 16, 2022 (16 days after his slip and fall), "Well Path has not seen [Plaintiff]" and he "is in a lot of pain." *Id*.

The defendants named in the complaint are Well Path, Mayor, and Cotto. *Id.* at 4–5. Plaintiff seeks to hold Well Path liable "for failing to provide adequate medical care with deliberate indifference and neglect" (*id.* at 4); Mayor liable for "failing to oversee [his] safety with reckless disregard" and violating his "right to be protected in life, liberty, limb, and the pursuit of happiness, with professional negligence" (*id.*); and Cotto liable for failing to "oversee [his] safety . . . by refusing to call the medical [department] after [he] slip[ped] and fell . . . with professional negligence" (*id.* at 5). He seeks injunctive relief and monetary damages. *Id.* at 7.

District courts are required to review complaints in civil actions filed by prisoners, *see* 28 U.S.C. § 1915A(a), and to dismiss any case that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b) & 1915(e)(2)(B). "The legal standard for dismissing a

2

complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings are liberally construed. *See Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id.* Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged

3

deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Construing the complaint liberally, Plaintiff appears to assert (1) claims against Mayor for deliberate indifference arising out of Mayor's failure to supervise the inmates who left the floor wet and neglected to place warning signage, and failure to obtain medical assistance after witnessing Plaintiff's slip and fall; (2) a claim against Cotto for deliberate indifference arising out of Cotto's failure to obtain medical assistance; and (3) a claim against Well Path for deliberate indifference to Plaintiff's serious medical needs arising out of alleged inadequate medical care.

For an immigration detainee to make out a claim for relief based on a jail official's insufficient treatment or deliberate indifference to his medical needs, he must show both that he has (or had) a "serious" medical need, and that jail officials were deliberately indifferent to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581–82 (3d Cir. 2003); *Parkell v. Morgan*, 682 F. App'x 155, 159–60 (3d Cir. 2017). A medical need is "serious" if it (1) "has been diagnosed by a physician as requiring treatment"; (2) "is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) is one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003) (internal quotations and citations omitted). When evaluating this element, courts consider factors such as "the severity of the medical problems, the potential for harm if the medical care is denied or delayed and whether any such harm actually resulted from the lack of medical attention." *Maldonado v. Terhune*, 28 F. Supp. 2d 284, 289 (D.N.J. 1998). Deliberate indifference exists when a defendant "knows of and disregards an excessive risk to inmate health or

safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This standard requires that the defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and drew that inference. *Natale*, 318 F.3d at 582.

Plaintiff's complaint lacks sufficient detail to adequately allege a cause of action for deliberate indifference to serious medical needs. To begin with, it is not entirely clear that Plaintiff suffered from a "serious" medical condition as a result of his slip-and-fall. As noted above, to establish his condition was "serious," Plaintiff must allege that his condition was either diagnosed by a physician; obvious to a layperson that a doctor's attention was required; or would result in the unnecessary and wanton infliction of pain or a permanent handicap if treatment were delayed or denied. *Atkinson*, 316 F.3d at 272–73. The complaint does not meet this standard. Plaintiff does not state what medical diagnosis or treatment he received upon visiting the medical department the day after his fall; and he does not provide additional details, such as the duration and frequency of the pain, or whether a permanent condition or handicap resulted from a less-than-one-day delay in receiving medical attention. In short, on the facts alleged, Plaintiff has failed to plausibly allege that he suffered from a "serious" medical condition.

Even if Plaintiff had alleged a serious medical need, he has not sufficiently alleged that Mayor and Cotto were deliberately indifferent to that need. Deliberate indifference requires a mental state that is "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Rather, "[t]o act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir. 2009). Plaintiff has not alleged that here. His bare bones factual allegations—that Mayor (after witnessing the fall) and Cotto (on the morning after the fall and after Plaintiff "put the incident on [the] kiosk") failed to contact the medical department upon

5

his request (ECF No. 1 at 7)—are insufficient to support an inference that the corrections officers knew that Plaintiff faced a substantial risk of harm and intentionally ignored that risk. *See*, *e.g.*, *Darden v. Lamas*, No. 22-4054, 2023 WL 115300, at *3 (E.D. Pa. Jan. 5, 2023) ("Darden has not stated a plausible constitutional claim for deliberate indifference to a serious medical need.  His allegations are undeveloped since Darden has not provided any specific factual details that any named Defendant knew he needed medical treatment *and* intentionally refused, delayed, or prevented him from receiving that treatment.") (emphasis in original); *Johnson v. Mays Landing Sheriff's Dep't*, No. 12-7653, 2013 WL 1844728, at *4 (D.N.J. Apr. 30, 2013) (finding allegations "do not rise to the level of a constitutional violation" where plaintiff did not allege that delay in treatment for injured shoulder after slip and fall accident "was for a non-medical or punitive purpose" or "that she suffered a permanent disability or other allegations that would indicate a serious medical condition that would require immediate attention").  As Plaintiff has failed to plausibly allege a viable claim that Mayor and Cotto violated his constitutional rights by failing to obtain medical care for him in the hours between the fall and when he was seen by the medical department, the medical indifference claims against Mayor and Cotto will be dismissed without prejudice.  Any amended complaint should address the deficiencies noted above.

The deliberate indifference claim against Well Path will also be dismissed.  A private or government healthcare provider like Well Path cannot be held liable under Section 1983 for the unconstitutional acts of its employees under a theory of *respondeat superior*.  *See Natale*, 318 F.3d at 583–84.  Rather, a healthcare provider is subject to liability under Section 1983 only if it "had a policy or custom that caused [the] deprivation of a constitutional right." *Defreitas v. Montgomery Cty. Corr. Facility*, 525 F. App'x 170, 176 (3d Cir. 2013) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 693–694 (1978)); *see also Perry v. Well-Path*, No. 20-2542, 2021 WL 229398, at

6

*4 (E.D. Pa. Jan. 22, 2021) ("[T]o hold a private health care company like Well-Path liable for a constitutional violation under § 1983, a prisoner must allege the provider had a relevant policy [ ] or custom, and that the policy caused the constitutional violation [he] allege[s].") (internal quotation marks omitted).  Plaintiff has not alleged that Well Path had a policy or custom that caused the alleged violation of his constitutional rights.  *See, e.g.*, *Butler v. CFG Health Servs. Inc.*, No. 21-13354, 2022 WL 138085, at *3 (D.N.J. Jan. 12, 2022) ("[T]o hold CFG Health Services liable for his injuries, Plaintiff must provide facts showing that this entity had a relevant policy or custom, and that policy violated his constitutional rights.  Here, Plaintiff provides no facts to suggest that there is a relevant policy or custom or that the policy or custom caused any constitutional violations.") (citations omitted); *Holliday v. Prime Care Med.*, No. 19-4564, 2021 WL 242469, at *11 (E.D. Pa. Jan. 25, 2021) ("Even construed liberally, the Amended Complaint does not state a plausible claim for relief against PrimeCare Medical because Holliday makes only conclusory allegations . . . . Holliday does not allege any substantive facts describing any actual policy, custom, or practice PrimeCare maintains that would have resulted in the constitutional violations he asserts regarding his medical care.").  Accordingly, the deliberate indifference claim against Well Path will be dismissed without prejudice.

To the extent Plaintiff alleges that Mayor is liable for the wet floor that caused Plaintiff to slip and fall, the allegation also does not state a constitutional claim; any such claim sounds in negligence and is therefore not actionable under § 1983.  *See Mebane v. Camden Cnty. Corr. Facility*, No. 16-6055, 2018 WL 878522, at *12 (D.N.J. Feb. 13, 2018) ("Alleging defendants are liable for Plaintiff's fall on a slippery shower floor is a claim of negligence.  It is well-established that the constitution does not protect against the neglect of prison officials in the operation of the facility.") (citing *Daniels v. Williams*, 474 U.S. 327 (1986) (§ 1983 does not constitutionalize tort

7

claims)); *Savage v. Bradley*, No. 19-1579, 2021 WL 4502067, at *2 (D. Del. Sept. 30, 2021) (finding that where "Plaintiff alleges that Defendants failed to warn him about a wet floor and, as a result, he slipped, fell, and was injured, . . . [the] claim is nothing more than negligence" and "Plaintiff's allegations that Defendants failed to warn him about the wet floor do not reflect the deliberate indifference required to state a claim under the Eighth Amendment"); *Ransome v. Wetzel*, No. 16-1571, 2017 WL 2984036, at *2 (W.D. Pa. June 16, 2017) ("It has been repeatedly held that mere negligence does not satisfy the 'deliberate indifference' requisite for a constitutional violation, and it is not enough to show that a prison guard merely failed to act reasonably.") (citing *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993)), *report and recommendation adopted*, 2017 WL 2973994 (W.D. Pa. July 12, 2017).[1]  Accordingly, the deliberate indifference claim against Mayor arising out of the wet floor will also be dismissed.

For these reasons, Plaintiff's claims are dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  However, because the Court cannot state that amendment would be futile, this dismissal is without prejudice to the filing, within sixty days, of a proposed amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (finding that leave to amend claims dismissed on screening should generally be granted unless amendment would be inequitable or futile).

---

[1] *See also Hadley v. Oberlander*, No. 22-212, 2022 WL 3691186, at *1–2 (W.D. Pa. Aug. 5, 2022) (dismissing deliberate indifference claim where inmate "slipped and fell on a wet, poorly drained tile floor," and noting that "courts have consistently found that slip and fall cases such as this do not give rise to a substantial risk of serious harm[,] challenge the common standards of decency, [or] demonstrate deliberate indifference for purposes of asserting an Eighth Amendment violation") (internal quotation marks omitted), *report and recommendation adopted*, 2022 WL 3681647 (W.D. Pa. Aug. 25, 2022); *Malles v. PA Dep't of Corr.*, No. 22-99, 2022 WL 4287666, at *2 (W.D. Pa. July 20, 2022) (holding that "deliberate indifference claim based on prison officials' failure to keep the walkway free of snow and ice" failed to support a constitutional violation, and noting that, "[w]hile Plaintiff's injury is unfortunate, courts have widely held that similar slip and fall cases" do not rise to the level of a constitutional violation), *report and recommendation adopted*, No. 22-99, 2022 WL 3654928 (W.D. Pa. Aug. 25, 2022); *Davis v. Corr. Corp. of Am.*, No. 07-279, 2008 WL 539057, at *3 (N.D. Fla. Feb. 22, 2008) ("Courts have regularly held that slip and fall accidents do not give rise to federal causes of action.") (collecting cases).

In conclusion, Plaintiff's motion to proceed IFP (ECF No. 1-1) is granted, and his complaint (ECF No. 1) is dismissed without prejudice.  An appropriate order follows.

Dated: January 24, 2024

s/ Claire C. Cecchi

**HON. CLAIRE C. CECCHI, U.S.D.J**.